IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY GIBSON,

        Plaintiff,                    No. CIV S-10-2404 EFB P

    vs.

HAWKINS, et. al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff filed a motion for a preliminary injunction on September 8, 2010. On October 26, 2010, the court ordered defendants to respond to the motion. Defendants filed their response on November 11, 2010. Plaintiff filed a reply on November 30, 2010.

        In his motion for a preliminary injunction, plaintiff states that he is not receiving treatment for his degenerative disc disease and bone spurs located in his neck and spine. Dckt. No. 2 at 1. He states that these problems cause severe pain and itching, nerve tingling, and loss of control of his hands and fingers, and make it impossible for him to sleep. *Id.* He states that he is not receiving adequate medication, such as hydrocodone, to alleviate the severe pain. *Id.* He contends that his condition can be remedied through surgery, and that though he is receiving a moderate pain reliever, it does "absolutely nothing" to control "the sharp agonizing pain." Dckt.

1  No. 4 at 1-2. Plaintiff further states that if he does not receive treatment he is likely to suffer
2  nerve damage, as his condition is becoming progressively worse. Dckt. No. 3 at 1. He states
3  that despite defendants' knowledge of his condition, they have not provided reasonable treatment
4  or adequate pain medication. *Id.*

5  Defendants' response states that plaintiff has received and continues to receive adequate
6  medical care. Dckt. No. 16 at 2. Regarding plaintiff's degenerative disc disease and bone spurs,
7  they have submitted a declaration from M. Shea, a staff services manager in the Controlled
8  Correspondence Unit department of the Prison Health Care Services, stating that the medical
9  staff determined that plaintiff's x-ray results did not warrant an MRI. Dckt. No. 16-1 at 2.
10 Neither the response nor the declaration addresses plaintiff's contention that he has not been
11 receiving adequate medication to control his pain. Instead, the response and declaration details
12 some seemingly unrelated medical care that plaintiff has received in the past, such as tests to rule
13 out deep vein thrombosis and peripheral artery disease, and medication and monitoring for his
14 cellulitis. *Id.*

15 Plaintiff's reply brief argues that defendants have failed to comply with the court order
16 directing a response. He writes that defendants have failed to address the issues raised in his
17 brief, including the "denial of pain medication to relieve the severe pain brought on by the
18 degenerative disc disease, and lack of the treatment, an operation to correct the condition . . .
19 which is operable and correctable." Dckt. No. 19 at 2. He states "[t]he prescribing of Tylenol,
20 an over the counter medication, does nothing to alleviate severe pain; same for the medication
21 'Gabapentin,' another mild reliever." *Id.* He further states that M. Shea's declaration "entirely
22 omits recent medical records that evidence Plaintiff Gibson's worsening condition and acute pain
23 suffering" and does not state "that recent contact was made with a defendant doctor to learn of, if
24 any, progressive current treatment accomplished." *Id.* at 2-3. Plaintiff claims that M. Shea's
25 declaration "omits over six months of plaintiff's records that clearly demonstrate Gibson's pain
26 and suffering." *Id.* His declaration states that on November 9, 2010, defendant Dr. Hawkins told

him that he had ordered medication and an MRI, but that he continues to receive the same medication, and nothing has changed. *Id.* at 5. He states that his condition "can easily lead to paralysis and beyond recovery due to not receiving the treatment(s)." *Id.*

As plaintiff's reply points out, defendants' response brief fails to address the issues raised in the motion for a preliminary injunction. Neither defendants' brief nor M. Shea's declaration state that plaintiff's condition is inoperable. Defendants' papers do not even address plaintiff's contention that he is not receiving adequate pain medication. Although defendants make the blanket statement that "plaintiff has received, and continues to receive, appropriate medical care," they do not explain how his contentions are false and why his motion for injunctive relief should be denied.

As defendants' first response was inadequate, defendants are ordered to respond once again to plaintiff's motion for preliminary injunction. Defendants must explain to the court in detail, with supporting declarations and records, why plaintiff's motion for preliminary injunction should be denied. Specifically, defendants must explain what treatment and medication plaintiff is currently receiving; why this treatment and medication is appropriate for his condition; why plaintiff's contentions that he should receive surgery and stronger pain medication are false; and further explain their contention that plaintiff's x-ray results showed that no MRI was warranted. Alternatively, defendants may explain to the court that plaintiff has now received appropriate medical care, including stronger pain medications and further medical treatment. Defendants must obtain at least one declaration from a medical professional.

Accordingly, it is hereby ORDERED that:

1. Within fourteen days from the date of this order, defendants must respond, for the second time, to plaintiff's motion for a preliminary injunction. Failure to comply with this order may result in the imposition of sanctions.

////

////

1    2. The Clerk of the Court is directed to serve a copy of this order on Monica Anderson,
2 Supervising Deputy Attorney General
3 Dated:   December 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE