IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY GIBSON,

        Plaintiff,                No. CIV S-10-2404 EFB P

    vs.

HAWKINS, et al.,

        Defendants.        ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He filed a motion for a preliminary injunction on September 8, 2010, and on October 26, 2010, the court ordered defendants to respond to the motion. Defendants filed their response on November 11, 2010. Plaintiff filed a reply on November 30, 2010. Deeming defendants' first response inadequate, the court ordered them to file another response on December 3, 2010. They did so on December 16, 2010.

In his motion for a preliminary injunction, plaintiff states that he is not receiving treatment for his degenerative disc disease and bone spurs located in his neck and spine. Dckt. No. 2 at 1. He states that these problems cause severe pain and itching, nerve tingling, and loss

---

[1] This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1

1 of control of his hands and fingers, and make it impossible for him to sleep. *Id.* He states that he
2 is not receiving adequate medication, such as hydrocodone, to alleviate the severe pain. *Id.* He
3 contends that his condition can be remedied through surgery, and that although he is receiving a
4 moderate pain reliever, it does "absolutely nothing" to control "the sharp agonizing pain." Dckt.
5 No. 4 at 1-2. Plaintiff further states that if he does not receive treatment he is likely to suffer
6 nerve damage, as his condition is becoming progressively worse. Dckt. No. 3 at 1. He states
7 that despite defendants' knowledge of his condition, they have not provided reasonable treatment
8 or adequate pain medication. *Id.*

9 Defendants' second response is based on the declaration of Dr. Smith, the Chief
10 Physician and Surgeon at Mule State Creek Prison (where plaintiff is currently incarcerated).
11 Dckt. No. 21-1. Dr. Smith attests that he has reviewed plaintiff's medical file at the request of
12 the Attorney General's office. He states that from a review of the documents in plaintiff's
13 medical file, his medical opinion is that plaintiff is receiving appropriate medical care and
14 medication. He states that over the past year, plaintiff has been evaluated by several physicians
15 at MCSP,[2] but there "is no medical documentation in inmate Gibson's medical file . . . in which
16 medical providers have found objective, physical exam findings consistent with significant disc
17 herniation secondary to degenerative disc disease."[3] He states that "all of the medical providers'
18 clinical examinations continue to show that inmate Gibson possessed full range of neck
19 movements without signs of significant nerve impingement." But no medical records supporting
20 this statement are attached.

21 ////

---

[2] Dr. Smith does not state how many of these evaluations were related to the medical problem at issue in this motion. Defendants' last pleading attached and discussed medical records related to some of some of plaintiff's other medical problems, including suspected deep venous thrombosis and peripheral arterial disease.

[3] Dr. Smith does not explain whether any of the records find that there is any level of disc herniation. Nor does he explain whether records indicate that plaintiff does not have degenerative disc disease.

Dr. Smith further attests that on August 11, 2009, an x-ray of plaintiff's lumbar and thoracic spine revealed normal results. This record is not attached. He attests that on October 22, 2009, an x-ray of plaintiff's cervical spine revealed minor arthritic changes. *See* Ex. A (copy of radiology report).[4] He attests that on October 7, 2010 (a month after this lawsuit and his motion for preliminary injunction were filed) plaintiff had a neurology consultation at Doctors Hospital of Manteca; the neurologist considered diagnoses of cervical radiculitis versus mechanical back pain, but at the time of defendants' response, a full report of the consultation had not yet been received. The neurologist recommended a follow-up Electromyogram/ Nerve Conduction Velocity (EMG/NCV) of the right arm, and an MRI of the cervical spine. A progress note documenting this visit is attached. *See* Ex. B. Dr. Smith attests that an MRI was performed on December 3, 2010, but that results were still pending, and that the EMG/NCV was scheduled for December 27, 2010.[5]

Dr. Smith attests that plaintiff has a history of polysubstance abuse. No records documenting this history are attached, and Dr. Smith does not explain what substances plaintiff abused or at what time in his life. On this basis, and after reviewing plaintiff's medical records, Dr. Smith opines that plaintiff should not be prescribed narcotic pain medications. Dr. Smith attests that plaintiff is receiving pain medications, including gabapentin, acetaminophen, ibuprofen, and citalopram. A record showing this is attached. *See* Exhibit C. Dr. Smith also attests that in his opinion, surgery is not medically indicated.

Plaintiff's response argues that Dr. Smith does not have personal knowledge of plaintiff's medical condition as he did not examine plaintiff, but merely reviewed his medical records.

---

[4] This document states that the x-ray was compared with one taken in 2008. The 2009 x-ray showed "minimal anterior spurring originating from the C4, 5, and 6 levels" and "minimal narrowing of the right foramina C4-5" that were not present in the previous x-ray. Dckt. No. 21-1, Ex. A. This lends support to plaintiff's claim that the problem is progressively worsening. The minimal abnormal findings in the 2009 x-ray may not reflect plaintiff's current condition, a year a half later.

[5] Neither defendants nor plaintiff has informed the court of the outcome of these tests.

1  Plaintiff argues that some of Dr. Smith's opinions are based on medical records authored by the
2  defendants in this case, and that because the MRI and EMG/NCV results have not yet been
3  received, Dr. Smith's opinion is based on insufficient data.  Finally, plaintiff argues that some of
4  Dr. Smith's statements are inadmissible hearsay.

5       A preliminary injunction will not issue unless necessary to prevent threatened injury that
6  would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*
7  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
8  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching
9  power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*
10 *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The moving party must prove that he is likely to
11 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
12 relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.
13 *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res.*
14 *Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale"
15 approach it applies to preliminary injunctions-that is, balancing the elements of the preliminary
16 injunction test, so that a stronger showing of one element may offset a weaker showing of
17 another-survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622
18 F.3d 1045, 1050 (9th Cir. 2010).  In cases brought by prisoners involving conditions of
19 confinement, any preliminary injunction "must be narrowly drawn, extend no further than
20 necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive
21 means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

22      Here, plaintiff has raised serious questions as to the merits of his claims.  His contentions
23 about his degenerative disc disease and bone spurs, the extent of his pain and the need for surgery
24 are, in part, disputed by Dr. Smith's declaration, who reviewed his medical record.  As plaintiff
25 points out, Dr. Smith has not examined plaintiff but attests to a number of facts that he apparently
26 gleaned from plaintiff's medical file, but Dr. Smith did not attach a number of the medical records

he interpreted. Defendants' position has also changed during the course of the briefing. In their first response to plaintiff's motion, defendants implied that an MRI was not warranted. *See* Dckt. No. 16-1 at 2 (declaration stating "medical staff response was that the X-rays results did not warrant an MRI"). In their second response, they explain that an MRI was ordered, but the results arepending. Thus, serious questions remain as to the merits of plaintiffs claims.

However, it is plaintiff's burden to prove that he is entitled to a preliminary injunction and he has not met that burden here. As to irreparable harm element of the test, it appears that plaintiff has now received additional medical evaluation for his neck problems and pain. In addition to the MRI and the EMG/NCV testing and the consultation with an outside neurologist, plaintiff recently filed a "Request for Docket Print-out" stating that he was recently in the prison infirmary for three weeks. It is not clear whether plaintiff has now received appropriate medical care, but it appears that the facts have changed since plaintiff filed his motion for preliminary injunction. As noted above, a preliminary injunction must not issue except in a case clearly warranting it. Given the record as it currently exists, plaintiff has not proved that he is likely to suffer irreparable harm in the absence of preliminary relief. The medical evidence presented to the court is weak and it is unclear what treatment plaintiff currently needs or is receiving. For the same reason, although plaintiff has raised serious issues he has not demonstrated that he is likely to succeed on the merits. The medical evidence presented to the court so far does not demonstrate that it is more likely than not that defendants were deliberately indifferent to his serious medical needs. Neither is it clear that the balance of equities tips in plaintiff's favor or that an injunction is in the public interest.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for a preliminary injunction is denied; and

////

////

////

2. Plaintiff's request for a copy of the docket is granted. The Clerk is directed to send plaintiff a copy of the docket sheet in this case.

Dated: May 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE